PETER HALL, administrator, d. b. n. of DAVID HALL, dec'd.,

*vs.*

DAVID WALKER, administrator of DAVID HALL, JR., dec'd,
    AND FREDERICK ROW AND ELIZABETH his wife, admin-
    istratrix of JOSEPH HALL, dec'd.

*Sussex, March T.* 1823.

D. H. died intestate in 1784.  Administration of his estate was granted to
    his widow and two sons.  The widow entered into possession of the
    real and personal estate and died in 1796.  One of the two sons died
    in 1796, and the other in 1817.  No inventory and appraisement of
    the estate had ever been filed by the administrators, nor had any ad-
    ministration account been passed.  In 1818, a surviving son of the in-
    testate filed a bill for an account against the representatives of the two
    deceased sons of the intestate who had joined with the widow in the
    administration.  *Held,* that this was a stale demand, for which a court
    of equity will not relieve.

BILL IN EQUITY FOR AN ACCOUNT.—David Hall, in the
year 1784, died intestate, leaving to survive him a widow
and seven children, viz : Joseph Hall, David Hall, Jr.,
Simon Hall, Nathaniel Hall, Peter Hall, the complainant,
Jane Hall and Mary Hall.  The intestate left considerable
real and personal estate.  Letters of administration were
granted to Mary Hall, the widow, and to two of the sons,
Joseph Hall and David Hall, Jr.  Joseph Hall, one of the
administrators, died in 1796, and administration upon his
estate was granted to his widow, Elizabeth Hall, one of the
defendants, who afterwards intermarried with Frederick
Row.  Mary Hall, the widow and another of the adminis-
trators of David Hall, the elder, died in 1797, and admin-
istration upon her estate was granted to David Hall, Jr.  The
bill charged that David Hall, Jr., became possessed of all the
personal estate of David Hall, the elder, which had gone into
the hands of Mary as one of the administrators.  David Hall

Jr., the sole surviving administrator of David Hall, the elder, died in the year 1817, and administration upon his estate was granted to David Walker, another of the defendants.   Of the other children of David Hall, the elder, Simon and Nathaniel died prior to the filing of this bill, intestate and without issue, and no administration had been raised upon their respective estates.   Jane had intermarried with Simon Kollock, and was also deceased before the filing of the bill, and no administration had been raised upon her estate.   Mary had intermarried with James P. Wilson.   They had refused, as the bill alleged, to become parties to this suit.   At the Orphans' Court for Sussex County, in Nov. 1796, an order was granted for partition of the intestate real estate of David Hall, the elder ;  and such partition was made, returned to the Court and confirmed on the 24th of Nov., 1797.   On the 12th of June, 1818, administration *d. b. n.* upon the estate of David Hall, the elder, was granted to Peter Hall, the complainant.

The bill charged that the original administrators of David Hall, the elder, entered upon his real estate, and possessed themselves of his personal estate ; that they returned no inventory and appraisement of the goods, and had passed no account of their administration.   The prayer was for a discovery and for an account of the personal estate of David Hall, the elder, deceased.

The answers of the defendants, admitting generally the facts set forth in the bill, alleged for a defence, that the widow of David Hall, the elder, upon his decease, entered into the real estate and held the same until partition thereof was made in the Orphans' Court, and that she took possession of the personal estate ; that with the  means thus acquired she had kept together and maintained, during her lifetime, the younger children of the family ; that no part of the personal estate of David Hall, the elder, ever came into the possession of either Joseph Hall or

David Hall, Jr. And the defendants insisted upon the benefit of the lapse of time since the decease of David Hall, the elder, and the laches of the complainant, as being an equitable bar to any demand which could otherwise have accrued against them by reason of the premises.

Issues were joined and depositions taken by both parties. The cause came before the Chancellor, for a hearing upon the bill, answers, exhibits and depositions, at the March T., 1823.

*Wells*, for the complainant.

*Robinson*, for the defendants.

RIDGELY, CHANCELLOR.—This is a very stale demand. David Hall, the elder, died thirty-seven years before the filing of the bill. The proof is that a considerable part, if not all, of the personal estate went into the hands of Mary Hall, his widow, who administered with her sons Joseph and David ; and, considering how the younger children were kept together with her, it is extremely probable that this was the case. The rents of the real estate, it is most likely, were taken by her. She died in 1796 or 1797, and the real estate was, immediately after her death, divided by proceedings in the Orphans' Court. This was done in November, 1797 ; so that until her death it is most likely she retained the whole. The two sons, Joseph and David, seemed to have been in a situation to live, independently of their father's property. Nay, Joseph Hall had lent his father money. These sons are both dead. Joseph died in 1796, before his mother ; David in 1817. The defendants, the representatives of these administrators, can render no account. They answer that they have no means ; that they can find no book nor paper in relation to the subject. The Register's office furnishes no inventory, nor a single document by which an account can

be taken.    Peter Hall, the complainant arrived at age in 1787 or 1788, thirty-two years before the bill was filed. In 1806 he became a debtor to his brother David, by bond, in £42.

Now, under all these circumstances, no account can be taken that would lead to any reasonable result.   There is no certainty nor probability that justice could be done. All the evidence as to the quantity of personal estate is mere conjecture.    The plaintiff has acquiesced for thirty-two years in the management of the estate by his mother and brothers, if any of it ever went into their hands.

It is my opinion that the bill should be dismissed.

Bill dismissed.